UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VERNICE ROGERS,
 Plaintiff,                                                                JURY TRIAL

vs.                                                                              Case No. _____

HOUSING AUTHORITY OF SOUTH BEND,
Defendant.

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF
AND DAMAGES WITH JURY DEMAND

Introduction

1.  This is a civil action to vindicate rights guaranteed by federal law to reside in, and receive benefits from, the Housing Authority of South Bend, IN ("HASB"). HASB is an Indiana municipal public housing authority which receives federal financial assistance from the United States Department of Housing and Urban Development ("HUD") and other funding from the State of Indiana and the City of South Bend. Plaintiff Vernice Rogers ("Rogers") sues for violations of her rights as a tenant with a handicap or disability, as guaranteed by the Fair Housing Act Amendments of 1988 and the Rehabilitation Act, two federal statues cited below. She pleads also, under Indiana state law, a supplemental claim asserting her right to quiet enjoyment of the premises she rents from HASB. Rogers demands trial by jury on all claims so triable and seeks a declaratory judgment, preliminary and permanent injunctions and damages, together with an award of reasonable attorney fees.

Jurisdiction and Venue

2. This Court has subject matter of this case under 28 U.S.C. §1331 and §1343(a)(3) and (4) because: Rogers's claims (a) arise under a law of the United States and; (b) she seeks to

1

redress the deprivation or rights secured by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and; (c) she seeks to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

3. Rogers invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to plead claims under Indiana law.

4. Venue is proper in the Northern District of Indiana, South Bend Division, because the events alleged arose and are continuing to occur principally in St. Joseph County, IN

Parties

5. Rogers is an adult woman residing at the HASB facility at 501 Alonzo Watson Dr., South Bend. She is not employed and has received disability benefits from the Social Security Administration for at least fifteen or twenty years. She is currently under treatment for cancer.

6. Rogers is an otherwise qualified individual with a handicap, as defined in the Fair Housing Act Amendments ("FHAA"), 42 U.S.C. §3601, et seq., as evidenced by her qualification for Social Security disability benefits because of psychological limitations which prevent her from working and by her cancer. These conditions result in significant limitations to major life activities as evidenced by her inability to undertake substantial gainful employment.

7. For the reasons stated in the preceding paragraph, Rogers is an otherwise qualified individual with disability as defined by §504 of the Rehabilitation Act, 29 U.S.C. §794 ("Rehabilitation Act").

8. HASB is an Indiana municipal housing authority established by IC 36-7-18-4, et seq. It operates the HASB building in which Rogers lives. HASB is: (a) a landlord within the meaning of the FHAA (as evidenced by the Reed's tenancy) and; (b) a recipient of federal financial assistance within the meaning of §504. HASB receives millions of dollars from HUD, as well as substantial funding from the State of Indiana and the city of South Bend. HASB is a "person" within the meaning of 42 U.S.C. §1983. HASB is managed by a Board of Commissioners appointed by the mayor of South Bend and, on information and belief, under daily supervision of an interim executive director.

9. Because of administrative and fiscal problems, HASB has, at least since January 2011 (and probably earlier) been under the close supervision of HUD. These problems include (1) frequent changes in HASB leadership; (2) resignation and replacement of the HASB Board of Commissioners by the mayor of South Bend; (3) litigation against at least one former executive director for sexual harassment; (4) and numerous complaints from tenants, former tenants and applicants to HUD about problems at HASB. On information and belief HUD has exercised, and continues to exercise, close control over HASB operations, in a manner similar to a receivership.

Facts

10. Within the two years prior to her filing this Complaint, Rogers has requested of HASB staff members that HASB relocate her to another HASB unit, which is larger and more appropriate for her needs. Because of her seniority as an HASB tenant, Rogers has priority for placement in the requested unit (or one similar to it). HASB has refused to place her in the requested unit and has instead placed other tenants in the unit, despite Rogers's superior priority and qualifications for placement in the unit.

11. Rogers has informed HASB staff members of her disabilities and also informed them that, because of her handicaps or disabilities, placement in the requested unit would be better for her and would help her manage her handicaps or disabilities.

12. Within the two years prior to her filing this Complaint, Rogers has complained to HASB staff members about the conditions of her current apartment and the common areas near her apartment, including problems concerning cleanliness and proper maintenance of those areas so that the areas are habitable. These problems include strongly offensive odors from garbage disposal locations.

13. HASB has failed to address Rogers's complaints and remedy the problems.

14. Within the six years prior to her filing this Complaint, HASB staff members have repeatedly entered her apartment without giving her notice and without knocking. On at least one occasion HASB staff members entered the apartment when she was absent from the building. Upon her return to the apartment she discovered the apartment was in disarray and her personal property had been greatly disturbed and the apartment left in a mess. She informed HASB staff members of this incident.  On at least one occasion after this incident, HASB staff again entered without notice or knocking.

15. HASB, and HASB staff members acted under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy, as evidenced by HASB's repeated refusal to allow her to relocate and the repeated entries into her apartment. The intentional actions of HASB and HASB staff members were intentional and taken after HASB and HASB staff members had the opportunity to consult with HUD and HASB legal counsel. The actions of HASB and HASB staff members were not isolated acts of individual staff members.

Proximate Cause and Damages

16. As a direct result of the events alleged in the paragraph preceding, Rogers suffered injuries and losses proximately caused by the intentional and deliberate actions and failures to act by HASB. These injuries and losses include, but are not limited to, the loss of her right to live at HASB in quiet enjoyment and the right to live in a larger apartment to which she is entitled. She has suffered from retaliation by HASB, as evidenced by its refusal to allow her to relocate to a larger apartment and by the repeated entries by HASB staff into her present apartment (with disturbance of her personal property). She has also suffered injury and emotional trauma/distress because of the anxiety resulting from the events alleged. Those injuries and losses continue on a daily basis because the actions of HASB result in Rogers's incurring continuing inconvenience, expense, anxiety and difficulties.

Equity and Incorporation of Allegations

17. The actions of HASB threaten Rogers with irreparable harm for which damages are an inadequate remedy. Because of her limited income and resources, Rogers requires a declaratory judgment of her rights so that the actions of HASB do not impair the abilities of Wilson to rent and occupy suitable housing at HASB or in other suitable housing available to a person with her limited income and assets. There is a dispute between the parties concerning their legal rights and obligations within the meaning of Fed. R. Civ. Proc. 57 and 28 U.S.C. §2201, et seq., justifying a declaratory judgment. Rogers incorporates all previous paragraphs into each the following Causes of Action.

Causes of Action

First Claim--Fair Housing

18. Rogers is an otherwise qualified individual with a handicap, as evidenced by her tenancy at HASB and the limitations to her major life activities demonstrated by her receipt of Social Security disability benefits and her cancer.

19. HASB was aware of her handicap because she informed HASB staff members of that information and HASB was aware of her receipt of Social Security disability benefits.

20. Rogers was, and is, ready and able to rent an HASB unit for which she is qualified and which she has requested.

21. HASB has refused to rent to Rogers the larger unit for which she has priority and is entitled.

22. HASB has discriminated against Rogers in violation of the FHAA, 42 U.S.C. §3604(b).

Second Claim—Retaliation for Fair Housing Complaint

23. Rogers engaged in the protected activity of seeking different housing and informed HASB staff members of her need for a larger apartment because of her handicap.

24. HASB was aware of that activity, as evidenced by her communications to HASB staff members.

25. HASB took adverse action against Rogers, as evidenced by HASB's refusal to rent a larger apartment to her and by the series of HASB entries into her apartment which left her personal belongs in disarray.

26. A causal connection exists between the protected activity and the adverse action, as evidenced by the occurrence of the adverse actions during and shortly after Rogers engaged in the protected activity.

27. HASB has discriminated against Rogers in violation of the FHAA, 42 U.S.C. §3617.

### Third Claim—Rehabilitation Act

28. Rogers is an otherwise qualified individual with a disability, as evidenced by her tenancy at HASB and the limitations to her major life activities demonstrated by her receipt of Social Security disability benefits and her cancer.

29. HASB excluded her an HASB program under which she could rent a larger apartment for which she was qualified and for which she had priority solely because of her disability.

30. HASB is a program which receives federal financial assistance.

31. HASB violated Rogers's rights under the Rehabilitation Act, 29 U.S.C. §794.

### Fourth Claim—Retaliation for Rehabilitation Act Complaint

32. Rogers engaged in the protected activity of seeking different housing and informed HASB staff members of her need for a larger apartment because of her handicap.

33. HASB, a recipient of federal financial assistance, was aware of that activity, as evidenced by her communications to HASB staff members.

34. HASB took adverse action against Rogers, as evidenced by HASB's refusal to rent a larger apartment to her and by the series of HASB entries into her apartment which left her personal belongs in disarray.

35. A causal connection exists between the protected activity and the adverse action, as evidenced by the occurrence of the adverse actions during and shortly after Rogers engaged in the protected activity.

36. HASB has discriminated against Rogers in violation of the Rehabilitation Act, 29 U.S.C. §794.

### Fifth Claim—Due Process and Equal Protection

37. HASB, a person acting under color of statute, ordinance, regulation, custom, or usage of Indiana, as defined by 42 U.S.C. §1983, pursuant to official policy, deprived Rogers of due process and equal protection of the law, guaranteed under the Fourteenth Amendment to the Constitution of the United States, as evidenced by (A) HASB's refusal to rent the larger apartment for which she was qualified and had priority; and (B) by HASB's retaliation against Rogers for engaging in legally protected activity, when HASB has not retaliated against similarly situated HASB tenants who did not engage in legally protected activity.

### Sixth Claim—Covenant of Quiet Enjoyment

38. As a supplemental claim under Indiana state law, HASB breached a contract, in its possession, between the parties by which HASB implicitly covenanted to assure to Rogers quiet and peaceable enjoyment of the premises she rented. HASB did so by its discrimination, its retaliation, and its entry into her apartment with her personal property left in disarray.

### Relief

Rogers requests:

A. Trial by jury on all claims so triable;

B. Upon notice and opportunity for hearing, preliminary and permanent injunctions;

C. Compensatory and exemplary damages for injuries Rogers suffered as the proof justifies, in an amount of $10,000 for each violation established'

D. A declaratory judgment determining the rights and obligations of the parties after resolution of the disputes between the parties.

E. An award of reasonable, actual attorney fees.

F. Such other relief determined to be appropriate by this Court.

Respectfully submitted,

HULL LAW FIRM

ATTORNEY FOR PLAINTIFF
/s/Kent Hull

Kent Hull, Attorney No.: 8580-71
105 E. Jefferson, Suite 800
South Bend, IN  46601
(574) 239-7029
(574) 287-3116 (Fax)
lowell.k.hull.10@nd.edu